UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| ROBERT LYBARGER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:15CV30 HEA |
|  | ) |  |
|  | ) |  |
| CAROLYN W. COLVIN, | ) |  |
| Acting Commissioner of | ) |  |
| Social Security Administration, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act), 42 U.S.C. §§ 401-434, 1381-1385 . For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

### Facts and Background

On September 19, 2013, Administrative Law Judge Debra J. Denney conducted a video hearing at which Plaintiff appeared in Hannibal, Missouri to testify. The ALJ conducted the hearing from Columbia, Missouri. Mr. Steven Kuhn, the vocational expert, testified at the hearing by telephone. Plaintiff was

born on November 11, 1971 and was 41 years old at the time of the hearing. Plaintiff lives in a single-family residence with his parents in Bowling Green, Missouri. He has a 30% compensation rating from the VA and receives $400.00 per month. Plaintiff has completed high school and one year of college. Plaintiff had past work experience as an equipment operator. Plaintiff testified that he can drive, but only drives three or four times per week. He has also worked in factories and as a part time bartender and bar manager.

Plaintiff testified that he spends most of the day at home, and gets up around 9:00 or 10:00 in the morning. When necessary he runs errands with his parents. Sometimes he sits in the back yard with his father. He also watches television. He is able to bathe himself. It is difficult to get comfortable. He goes shopping with his parents occasionally or drives to the store himself for his mother.

Plaintiff testified that he has upper back issues and neck problems. The neck problems cause his arms and hands to go numb. His lower back problem causes pain to shoot down his legs. He also testified that the neck pain causes pain to shoot up through his head which feels like a migraine which lasts 30 to 45 seconds. Plaintiff testified that this occurs 15 to 20 times per day. He stated at the hearing that as a consequence he can only lift his arms up for 2 or 3 minutes and everything goes numb. He states he can only lift 20 to 25 pounds a couple of times per hour.

Mr. Lybarger noted that he could walk no farther than a quarter mile before experiencing some problems resulting from his low back issue. He has difficulty sleeping because his hands go numb due to his neck issue and his legs and feet due to his low back problem.

Plaintiff noted also that there is a pituitary adenoma for which he is being treated. He claims it has grown in the 18 months prior to the date of the hearing.

The ALJ heard testimony from Steven Kuhn, a vocational expert. Mr. Kuhn(pg. 59). The ALJ engaged in detailed examination of the Plaintiff on the issue of his past work experiences and even re-examined Plaintiff on the details of his factory work before fully exploring hypotheticals with the vocational expert. The vocational expert then testified based upon the hypotheticals of the ALJ that with light work limitations of lifting 20 pounds occasionally and 10 pounds frequently; standing and /or walking about 6 hours out of an 8 hour workday, with normal breaks; sitting for about 6 hours out of an 8 hour workday with normal breaks and push and/or pull the same weights; frequently climbing steps and ramps; no rope, ladder, or scaffold climbing; frequently balancing; occasionally stooping, kneeling, crouching, and crawling; avoiding concentrated exposure to cold, unprotected heights, and fast-moving machinery; being limited to unskilled work; and allowing for tolerance of routine and maintenance of a schedule, there are jobs available for Plaintiff with this residual functional capacity.

The ALJ concluded that the Plaintiff had the severe impairments of obesity, degenerative joint disease in the neck and degenerative disc disease with herniated disc and further concluded that Plaintiff was not under a disability.

The Appeals Council denied Plaintiff's request for review on March, 19, 2015. The decision of the ALJ is now the final decision for review by this court.

**Statement of Issues**

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. Here the Plaintiff asserts the ALJ did not provide a proper RFC determination in that she failed to properly weigh the opinion of Dr. Vale, failed to incorporate sufficient limitations, and relied on a mischaracterization of evidence to support the credibility assessment .

**Standard For Determining Disability**

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not

only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the

ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. Id... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a

significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the

evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704 (some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

**ALJ Decision**

The ALJ here utilized the five-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful activity since September 3, 2011. The ALJ found at Step Two that Plaintiff had the severe impairments of obesity, degenerative joint disease in the neck and degenerative disc disease with herniated disc.

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equal the

severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1, (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

As required, prior to Step Four, the ALJ determined the Residual Functional Capacity of Plaintiff to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) in that he can lift 20 pounds occasionally and 10 pounds frequently; can stand and/or walk about 6 hours out of 8 hour workday, with normal breaks; can sit for about 6 hours out of 8 hour workday, with normal breaks; and push and/or pull the same weights; he can frequently climb stairs and ramps. He cannot climb ladders, ropes, or scaffolds. He can frequently balance. He can occasionally stoop, kneel, crouch, and crawl. He should avoid concentrated exposure to cold, unprotected heights, and fast moving machinery. He is limited to unskilled work. He can tolerate a routine and maintain a schedule.

At Step Four it was the finding of the ALJ that Plaintiff was not capable of performing past relevant work.

Step Five the ALJ concluded that considering the Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. The ALJ, therefore, found Plaintiff not disabled, and denied the benefits sought in the Application.

## Judicial Review Standard

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" Id. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

### Discussion

Plaintiff claims the ALJ did not provide a proper RFC determination in that she failed to properly weigh the opinion of Dr. Vale, failed to incorporate sufficient limitations, and relied on a mischaracterization of evidence to support the credibility assessment . Review of the transcript, record evidence, and decision of the ALJ yields a conclusion wholly contrary to Plaintiff's position.

**I. Did the ALJ properly consider the medical evidence in the record when determining RFC?**

The record before the ALJ demonstrates that Dr. Vale examined the Plaintiff for the purpose of performing a C & P evaluation. There is nothing in the record that suggests, or characterizes, Dr. Vale as a treating physician. Dr. Vale only saw Plaintiff one time. As such Dr. Vale is not a treating source, but was only an examining source. As a non-treating source, Dr. Vale's opinion is not entitled to controlling weight. *See* Social Security Ruling (SSR) 96-2p (The rule on

controlling weight only applies if, among other factors, the opinion comes from a treating source.).

The ALJ did afford some weight to the opinion of Dr. Vale. The RFC determination contains similar limitations in the areas of lifting and carrying, standing and walking, needing to sit for 15 to 20 minutes after extended walking or standing, and a number of postural and environmental limitations. As to other findings by Dr. Vale the ALJ clearly stated that controlling weight was ascribed to the findings and opinions as they were not supported by evidence in the record.

The record as reviewed and utilized by the ALJ is fully demonstrable with support in this regard. Mary McLeron, M.D., and Andrew Przbyla, M.D., two state agency physicians who reviewed the medical evidence opined that Plaintiff could perform a full range of light work contrary to Dr. Vales's opinion of no lifting above shoulder. Evidence from physical therapy records, MRI examinations, other physical examinations, were all inconsistent with the Dr. Vale opinion. Thus, the substantial evidence on this issue belied the view of the non- treating physician.

The ALJ properly made the RFC determination based on the record as a whole. The ALJ was not required to base the RFC determination solely on the opinion of any particular physician in the record. *See Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011)("[T]he ALJ is not required to rely entirely on a particular

physician's opinion or choose between the opinions [of] any of the claimant's physicians.")(quoting *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007)).

**II. Did the ALJ properly evaluate Plaintiff's credibility?**

As the trier of fact, an ALJ is in the best position to evaluate a claimant's credibility. "We defer to the ALJ's evaluation of [a claimant's] credibility, provided that such determination is 'supported by good reasons and substantial evidence, even if every factor is not discussed in depth.'" *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014).

The subjective complaints of Plaintiff were not credible. Plaintiff's Doctor (Woods) observed the MRI of the cervical spine was unremarkable and did not match with his reported symptoms. His VA rating was only 30 percent and Dr. Khadavi observed Plaintiff's pain would be better if he stayed active.

An ALJ may not discount allegations of disabling pain solely on the lack of objective medical evidence, but a lack of objective medical evidence is a factor an ALJ may consider in determining a claimant's credibility. *See Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004)(citing *Tennant v. Apfel*, 224 F.3d 869, 871 (8th Cir. 2000)). The objective medical evidence, as noted by the ALJ, did not support Plaintiff's allegations of disabling functional imitations.

Plaintiff also argues that the ALJ failed to consider his work history as a factor supporting his credibility. At the hearing, however, the ALJ plainly

acknowledged Plaintiff's substantial work history. The ALJ also acknowledged that work history is one of many factors to be considered in the credibility analysis. But that one factor was outweighed by the other factors discussed by the ALJ and cited above. Moreover, the ALJ is not required to discuss to every possible credibility factor. *See Samons v. Astrue*, 497 F.3d 813, 820 (8th Cir. 2007) ("[W]e have not required the ALJ's decision to include a discussion of how every *Polaski* 'factor' relates to the claimant's credibility.").

The ALJ's clear and specific opinion is supported by substantial evidence in the record, and therefore must be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 3rd day of May, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE